# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DB WESTERN, INC. - TEXAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-2750 |
| | § | |
| INVISTA, S.A. R.L., | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Pending before the court is defendant's Rule 12(b)(6) motion to dismiss.  Dkt. 5.  Upon consideration of the motion and the applicable law, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiff DB Western, Inc.-Texas ("DB Western") filed this suit alleging breach of contract and fraud and seeking declaratory relief and attorney's fees.  Dkt. 1, Ex. A.  The suit was removed to this court pursuant to 28 U.S.C. § 1441.  Defendant INVISTA S.á r.l., LLC ("Invista") filed a motion to dismiss, to which DB Western has failed to respond.  Dkt. 5.  Therefore, in accordance with its local rules, the court shall treat the motion as unopposed.  S.D. TEX. LOC. R. 7.4.

This case is based upon a formaldehyde supply contract between DB Western and Invista.  Dkt. 1, Ex. A.  The contract includes a choice-of-law provision, naming Delaware the governing substantive law.  Dkt. 5, Ex. B.  ("This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without giving effect to principles of conflict of laws.").  In its original petition, DB Western alleged that Invista "claimed certain rights not provided" by the contract and failed to pay monies due pursuant to the contract.  Dkt. 1, Ex. A.  These factual allegations form the basis of both its contract and tort claims.  *Id.*  Further, because this action was originally filed in Texas state court, DB Western requested declaratory relief pursuant to the Texas

Declaratory Judgment Act and attorney's fees pursuant to the Texas Civil Practice & Remedies Code.  *Id.*

After removing the case to federal court, Invista seeks dismissal, claiming: (1) the choice-of-law provision in the contract establishes Delaware as the governing substantive law; and (2) DB Western has failed to meet the heightened pleading burden required by FED. R. CIV. P. 9(b) for its fraud claim.  Dkt. 5.

ANALYSIS

**1.      Motion to Dismiss**

In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982).  However, the court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 550 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005)) (internal quotation marks omitted).

**2.      Choice-of-Law Provision**

Generally, Texas looks to Section 187 of the Restatement to determine whether a choice-of-law provision should be enforced.  Section 187 reads: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187 (1971).  As the Supreme Court of Texas states: "This [provision] derives from the most basic policy of contract law, which is the protection of the justified expectations of the parties."  *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677

(Tex. 1990).  Based upon DB Western's original petition in state court, this court finds that the crux of plaintiff's argument is a dispute over price and payment, both of which are covered by the contract.  Dkt. 5, Ex. B.  Therefore, because "the particular issue" shall be resolved by a contractual provision, the court finds no reason not to apply Section 187, and thus substantive Delaware law, to the allegations in this case.

Invista does not contend that such a determination requires dismissal of any claim or relief other than DB Western's request for declaratory judgment and attorney's fees.  Dkt. 1, Ex. A.  DB Western originally sought declaratory judgment under the Texas Declaratory Judgment Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 37 (Vernon 1986).  Invista is correct in that because Delaware substantive law applies, relief under the Texas Declaratory Judgment Act is no longer appropriate.  However, the federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201–02, now applies.  Therefore, Invista's motion as it relates to DB Western's claim for declaratory judgment is **DENIED**.

DB Western also requested attorney's fees due to "Invista's conduct."  DB Western did not point the court to any statutory authority that would grant such relief.  Dkt. 1, Ex. A.  In Delaware, when a party attempts to recover based upon a written instrument, attorney's fees are recoverable only if  the "note, bond, mortgage, invoice or other instrument of writing sued upon . . . expressly provides for the payment and allowance thereof."  DEL. CODE ANN. tit. 10, § 3912.  The court cannot find, and DB Western does not show, where such a contractual provision in the supply contract between Invista and DB Western exists.  Therefore, insomuch as DB Western's recovery is dependent on the supply contract, the court finds that attorney's fees would not be appropriate under

Delaware law.  Invista's motion as it relates to attorney's fees recoverable based upon the supply contract is **GRANTED**.

3.      **Rule 9(b) Pleading Requirements**

Because this case was originally filed in Texas state court, DB Western pled its allegation of fraud in accordance with Texas state law requirements.  *See* TEX. R. CIV. P. 47(a).[1]  However, once the case was removed to federal court, the Federal Rules of Civil Procedure, specifically Rule 9(b), became controlling.  For fraud claims, FED. R. CIV. P. 9(b) requires a pleading party to "state with particularity the circumstances constituting fraud or mistake."  "To satisfy Rule 9(b)'s pleading requirements, a plaintiff must [at a minimum] 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir.1997)).  Thus, the Fifth Circuit requires a plaintiff to "set forth 'the who, what, when, where, and how' of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Invista is correct in its assertion that DB Western's pleadings, as they now stand, are insufficient to meet this heightened burden.  However, as the petition was originally filed under state law standards, the court will allow DB Western to amend its complaint as it sees fit.  Although some of the deficiencies in the complaint might well extend beyond the point of cure, there is a strong presumption in favor of allowing for amendment, especially given the early stage of this case.  *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  Therefore, the Court

---

[1]Without the heightened pleading burdens created by federal law, a plaintiff in Texas state court is simply required to make a "short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a).

4

conditionally **DENIES** the motion as it relates to DB Western's fraud claim.  DB Western is **ORDERED** to replead its fraud claim in accordance with FED. R. CIV. R. 9(b) within ten days from the date of this Order.  Invista may reurge its motion to dismiss after DB Western repleads its fraud claim..

## CONCLUSION

Pending before the court is defendant's Rule 12(b)(6) motion to dismiss.  Dkt. 5.  The court finds that the contractual choice-of-law provision demands that Delaware substantive law govern those disputes arising out of Invista and DB Western's supply contract.  Therefore, declaratory relief under the TEX. CIV. PRAC. & REM. CODE is inappropriate.  However, because 28 U.S.C. § 2201–02 now applies, Invista's motion as it relates to declaratory relief is **DENIED**.  Further, because Delaware law precludes an award of attorney's fees for recovery based upon a written instrument absent a specific contractual provision, plaintiffs in this case are not entitled to recover attorney's fees; Invista's motion as it relates to attorney's fees based upon the supply contract is **GRANTED**.  Finally, although DB Western's pleadings do not currently comply with FED. R. CIV. P. 9(b), the court deems it inappropriate to dismiss the action without first allowing DB Western to replead.  Therefore, Invista's motion as it relates to DB Western's fraud claim is **DENIED** without prejudice to reassert.  DB Western is **ORDERED** to replead its fraud claim within ten days from the date of this Order.

Signed at Houston, Texas on October 13, 2009.

Gray H. Miller
United States District Judge